TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

Case No. 20-cv-03853

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

KULWINDER SINGH, and
BIKRAMJIT SINGH,
*on their own behalf and on behalf of others similarly situated*

                                    Plaintiffs,

                                    v.

MEADOW HILL MOBILE INC
    d/b/a Meadow Hill Mobil Mart;
ABUJABER HAZIM, and
AHMED GHADEER

                                  Defendants.

-------------------------------------------------------------------x

29 U.S.C. § 216(b)
**COLLECTIVE ACTION**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs KULWINDER SINGH, and BIKRAMJIT SINGH (hereinafter referred to as Plaintiffs), on behalf of themselves and others similarly situated, by and through their attorney, Troy Law, PLLC, hereby bring this complaint against Defendants MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart; ABUJABER HAZIM, and AHMED GHADEER, and allege as follows:

**INTRODUCTION**

1. This action is brought by the Plaintiffs KULWINDER SINGH, and BIKRAMJIT SINGH, on behalf of themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29

U.S.C. § 201 *et seq.* and New York Labor Law (NYLL), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4. Plaintiffs further allege pursuant to NYLL § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 (NYCRR) that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (6) 9% simple prejudgment interest provided by NYLL, (7) post-judgment interest, and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. From on or about May 01, 2016 to March 2, 2020, Plaintiff KULWINDER SINGH was employed by Defendants to work as a Gas Station Minimart Attendant at Meadow Hill Mobil Mart located at 1423 NY-300, Newburgh, NY 12550.

8. From on or about October 01, 2018 to March 9, 2020, Plaintiff BIKRAMJIT SINGH was employed by Defendants to work as a Gas Station Minimart Attendant at Meadow Hill Mobil Mart located at 1423 NY-300, Newburgh, NY 12550

## DEFENDANTS

*Corporate Defendants*

9. Defendant MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart is a domestic business corporation organized under the laws of the State of Connecticut with a principal address at 1423 Route 300, Newburgh, NY 12550.

10. MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

11. MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart purchased and handled goods moved in interstate commerce

*Owner/Operator Defendants*

12. The Individual Defendants are officers, directors, managers and/or majority shareholders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the New York Business Corporation Law and Limited Liability Company Law. NYBSC § 630(a), NYLLC § 609(c).

13. ABUJABER HAZIM is onwer of MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart  Boss to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart.

14. ABUJABER HAZIM actually hired the Plaintiffs

15. ABUJABER HAZIM actually fired the Plaintiffs.

16. ABUJABER HAZIM acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobile Mart.

17. AHMED GHADEER is the partner of MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobil Mart  (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at MEADOW HILL MOBILE INC

d/b/a Meadow Hill Mobil Mart

18.     AHMED GHADEER used to give instructions to the Plaintiffs on how to do their work

19.     AHMED GHADEER acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder, and is jointly and severally liable with MEADOW HILL MOBILE INC d/b/a Meadow Hill Mobile Mart.

## STATEMENT OF FACTS

### Wage and Hour Claims

20.     Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs and FLSA Collective Plaintiffs.

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

22.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

23.     Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

24.     Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

25.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notice reflecting true rates of pay

and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

26. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiffs worked over ten (10) hours would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

27. Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff KULWINDER SINGH*

28. From on or about May 01, 2016 to March 2, 2020, Plaintiff KULWINDER SINGH was employed by Defendants to work as a Gas Station Minimart Attendant at 1423 NY-300, Newburgh, NY 12550.

29. From in or around May 2016 to February 2020, Plaintiff KULWINDER SINGH's working schedule was not fixed.

30. However, Plaintiff KULWINDER SINGH's regular work schedule ran from 07:00 to 19:00 for twelve (12) hours a day without any break from Monday through Sunday for seven (7) days and eighty four (84) hours a week.

31. Beginning March 2020, Plaintiff's hour was reduced and he was terminated.

32. At all relevant times, Plaintiff KULWINDER SINGH did not have a fixed time for lunch or for dinner.

33. In fact, Plaintiff KULWINDER SINGH had ten minutes to eat and even then

he was on call, meaning that if customer came, his break stopped and he had to attend the customer.

34. From May 1, 2016 to December 30, 2016 Plaintiff KULWINDER SINGH used to get a flat compensation at the rate of Eight and Half Dollars ($8.50) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

35. From December 31, 2016 to December 30, 2017 Plaintiff KULWINDER SINGH used to get a flat compensation at the rate of Nine Dollars ($9.00) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

36. From December 31, 2017 to December 30, 2018 Plaintiff KULWINDER SINGH used to get a flat compensation at the rate of Ten Dollars ($10.00) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

37. From December 31, 2018 to December 30, 2019 Plaintiff KULWINDER SINGH used to get a flat compensation at the rate of Ten Dollars and Fifty Cents ($10.50) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

38. From December 31, 2019 to March 2, 2020 Plaintiff KULWINDER SINGH used to get a flat compensation at the rate of Eleven Dollars and Twenty cents ($11.20) per hour. However, he was only paid at the straight rate for each hour worked and did not receive

overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

39. Plaintiff KULWINDER SINGH was paid in cash and in check.

40. At all relevant times, Plaintiff KULWINDER SINGH was not paid overtime pay for overtime work.

41. Throughout his employment, Plaintiff KULWINDER SINGH was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Hindi, Plaintiff's native language.

42. Throughout his employment, Plaintiff KULWINDER SINGH was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

43. Throughout his employment, Plaintiff KULWINDER SINGH was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

*Plaintiff BIKRAMJIT SINGH*

44. From on or about October 01, 2018 to March 9, 2020, Plaintiff BIKRAMJIT SINGH was employed by Defendants to work as a Cashier at Meadow Hill Mobil Mart located at 1423 NY-300, Newburgh, NY 12550.

45. From on or about October 01, 2018 to March 9, 2020, Plaintiff BIKRAMJIT SINGH's regular work schedule ran from 17:00 to 5:00 for twelve (12) hours a day without any break from Monday through Sunday for seven (7) days and eighty four (84) hours a week.

46. Thus, from October 01, 2018 to March 9, 2020, Plaintiff BIKRAMJIT SINGH worked for a total of eighty-four (84) hours each week.

47. At all relevant times, Plaintiff BIKRAMJIT SINGH did not have a fixed time for lunch or for dinner.

48. In fact, Plaintiff BIKRAMJIT SINGH had ten minutes to eat and even then he was on call, meaning that if customer came, her break stopped and he had to attend that customer.

49. From October 01, 2018 to December 30, 2018 Plaintiff BIKRAMJIT SINGH used to get a flat compensation at the rate of Ten Dollars ($10.00) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

50. From December 31, 2018 to December 30, 2019 Plaintiff K BIKRAMJIT SINGH used to get a flat compensation at the rate of Ten Dollars and Fifty Cents ($10.50) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

51. From December 31, 2019 to March 9, 2020 Plaintiff BIKRAMJIT SINGH used to get a flat compensation at the rate of Eleven Dollars and Twenty cents ($11.20) per hour. However, he was only paid at the straight rate for each hour worked and did not receive overtime pay at the 1.5 times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

52. Plaintiff BIKRAMJIT SINGH was paid in cash and in check.

53. At all relevant times, Plaintiff BIKRAMJIT SINGH was not paid overtime pay

for overtime work.

54. Throughout his employment, Plaintiff BIKRAMJIT SINGH was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day in Hindi, Plaintiff's native language.

55. Throughout his employment, Plaintiff BIKRAMJIT SINGH was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

56. Throughout his employment, Plaintiff BIKRAMJIT SINGH was not compensated for New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate.

## COLLECTIVE ACTION ALLEGATIONS

57. Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of New York Labor Law—Failure to Pay Minimum Wage/ Unpaid Wages Brought on behalf of Plaintiffs]**

58. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

59. At all relevant times, Plaintiffs are employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

60. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

61. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay their minimum wages in the lawful amount for hours worked.

62. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT II.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

63. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

64. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

65. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

66. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime

pay violated the FLSA.

67. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

69. Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

70. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT III.
**[Violation of New York Labor Law—Failure to Pay Overtime Brought on behalf of Plaintiffs]**

71. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty-five percent (25%) before April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft

Prevention Act, and interest.

73. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs and the class are entitled to.

74. Defendant' failure to pay Plaintiffs their overtime pay violated the NYLL.

75. Defendants' failure to pay Plaintiffs was not in good faith.

### COUNT IV.
### [Violation of New York Labor Law—Spread of Time Pay Brought on behalf of Plaintiff and Rule 23 Class]

76. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

77. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

78. Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

### COUNT V.
### [Violation of New York Labor Law—Failure to Provide Meal Periods Brought on behalf of Plaintiff and the Rule 23 Class]

79. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six

hours and starts between 1 p m. and 6 a.m. NYLL § 162.

81. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiff worked.

82. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

83. Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VI.
### [Violation of New York Labor Law—Failure to Keep Records Brought on behalf of Plaintiff and Rule 23 Class]

84. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

85. Defendants did not maintain, establish and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

86. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

87. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

88. Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

## COUNT VII.
### [Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]

89. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

91. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

92. Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiffs even after the fact.

93. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VIII.
### [Violation of New York Labor Law—Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

94. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as

though fully set forth herein.

95. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

96. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' payday.

97. Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting

them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

  d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

  e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

  f)  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

  g)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

  h)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

  i)  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

  j)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

  k)  An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

  l)  The cost and disbursements of this action;

  m)  An award of prejudgment and post-judgment fees;

  n)  Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

  o)  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: Flushing, New York
May 19, 2020

            TROY LAW, PLLC
            *Attorneys for the Plaintiffs, proposed FLSA*
            *Collective and potential Rule 23 Class*

            /s/ John Troy
            John Troy (JT0481)
            Aaron Schweitzer (AS 6369)